No. 8754.

## SHANKLIN ET AL. *v.* THE FRANKLIN LIFE INSURANCE COMPANY.

REAL ESTATE, ACTION TO RECOVER.—*Sheriff's Sale.*—*Judgment.*—*Payment.*—*Agreement.*—*Conveyance.*—*Title.*—*Equity.*—The plaintiff had a suit pending to foreclose a mortgage on real estate on which A. had a junior lien by judgment. A valid agreement was made between the debtor and W. & S. by which W. & S. undertook to pay the judgment, whereupon the plaintiff dismissed its suit as against A. Execution was issued on A.'s judgment, upon which H. purchased the property, satisfying the judgment, and taking a certificate of purchase, and then W. & S. paid him what he had bid, and thereafter he held the certificate as their trustee and to indemnify himself as their surety on another matter. At the proper time he received a sheriff's deed, and then, having been released as surety, he conveyed to W., with the consent of S., and W., by deed of quitclaim, conveyed to the appellant. The plaintiff finally obtained a sheriff's deed upon sale to satisfy its mortgage, and brought this suit for possession.

*Held,* that the transaction between W. & S. and H. was in equity a redemption of the property from the sale upon the judgment, and a payment by them of the judgment, and that the paper title acquired by them, under the circumstances, could not be interposed against the plaintiff.

From the Madison Circuit Court.

*C. L. Henry* and *W. S. Diven,* for appellants.

*H. J. Milligan,* for appellee.

MORRIS, C.—This suit was brought by the appellee, against the appellants, to recover the possession of lot 22 in the southwest square of the city of Anderson, in Madison county, Indiana. The appellants William V. and Sarah Shanklin demurred jointly and severally to the complaint. Their demurrers were overruled. They, together with the appellant David W. Swank, then answered the complaint by a general denial. The other appellant Benjamin Shelly made default, and the complaint was taken as confessed against him. The cause was submitted to the court for trial. The court, upon the request of the appellants, found the facts specially, and the conclusions of law arising thereon, in fa-

vor of the appellee. The appellants excepted to the conclusions of law as found by the court. Among others, the appellants assign as error the conclusions of law found by the court, and, as they say they do not care to argue any of the errors assigned except this, the others will not be noticed.

The facts found by the court are as follows : "On the 5th day of April, 1876, the Eagle Chair Company, a corporation organized according to the laws of the State of Indiana, was the owner in fee simple of lot 22, in the southwest square of the city of Anderson, Madison county, Indiana; that, on said day, said Eagle Chair Company, David W. Swank, Elisha B. Holloway and Alfred Walker executed to this plaintiff a note for $1,500, due twelve months after date, with interest at ten per cent. per annum after maturity, and five per centum on the principal sum as attorney fees, which note was executed for money by plaintiff loaned to said Eagle Chair Company ; that, on the 10th day of April, 1876, the said Eagle Chair Company executed to plaintiff its mortgage on said real estate to secure the payment of said note ; that afterward, on the 16th day of April, 1877, the plaintiff filed in this court her complaint on said note, and to foreclose said mortgage, making defendants thereto the makers of said note and all junior incumbrances of said real estate, except the Citizens National Bank of Greensburg, Indiana ; that, after the execution of said mortgage and before the filing of said complaint, to wit, at the December term, 1876, said bank recovered, in the Madison Circuit Court, a judgment against the said Eagle Chair Company for $389.74, which was a lien upon said real estate, junior to the plaintiff's mortgage ; that said bank was made defendant to said complaint by the plaintiff to the suit for foreclosure, but was not served with summons in said cause ; that, on the —— day of May, 1877, while said cause was pending, the Eagle Chair Company entered into a written agreement with David W. Swank,

Alfred Walker and William V. Shanklin, in which, for a valuable consideration, said Swank, Shanklin and Walker agreed to pay off and satisfy the judgment of said bank, with other judgments mentioned in said agreement; that the plaintiff herein, with full knowledge of said agreement, dismissed said cause, as to said bank, before judgment and decree in her suit to foreclose said mortgage; that, after the making of said agreement, said property, with other real estate of said Eagle Chair Company, was legally sold upon an execution legally issued upon the judgment of said bank, by the sheriff of Madison county, and was bid in by one Charles L. Henry, on the 1st day of September, 1877, for the full amount of said judgment and costs, who took a certificate of purchase therefor. Said Swank and Shanklin afterward paid said Henry the amount by him paid for said certificate on said sale, and said Henry held said certificate in trust for them, and also as collateral security to protect him on a note for which he was security for them, and under an agreement to transfer the same to them or their order, whenever they paid off said note upon which he was security as aforesaid; that said Henry afterward, on the 4th day of September, 1878, said real estate not having been redeemed, received a sheriff's deed for said real estate in accordance with said certificate, and afterwards said Swank and Shanklin paid off said note on which said Henry was security, and said Henry and wife by deed of quitclaim conveyed said real estate to said Swank, with the consent of said Shanklin; that said Swank afterwards, by deed of quitclaim, conveyed the same to the defendant Sarah Shanklin; that the plaintiff, at the October term, 1877, of the Madison Circuit Court, recovered a judgment on her said note and a decree of foreclosure of said mortgage, for $1,651.74 and costs in said suit. The Eagle Chair Co., David W. Swank, Elisha B. Holloway, Alfred B. Walker and Martha A. Holloway was [were] forever barred and foreclosed; that sum-

mons had been duly served on all of said defendants; that on the 29th day of December, 1877, upon a duly certified copy of said judgment and decree, the sheriff of Madison county, Indiana, sold said real estate to one James N. Sansberry for $1,738.04, the amount of said judgment and costs; that said sheriff executed to said Sansberry a certificate of purchase therefor, which he assigned to the plaintiff before the expiration of the year of redemption; that the lot not having been redeemed, the sheriff on the 8th of February, 1879, conveyed said lot to the plaintiff; that the defendants are in possession of said property under the deeds made by said Henry and Swank to said Sarah Shanklin, both of which deeds were made before the commencement of this suit, and claim no other title; that, before this suit was commenced, the plaintiff demanded possession of said property of said defendants, who refused to deliver the possession thereof to the plaintiff; that David W. Swank, on the 14th day of November, 1877, filed his voluntary petition in bankruptcy in the United States District Court for the district of Indiana, and, on the 31st day of July, 1878, received from said court his final discharge in bankruptcy, before the deed was made by Henry to him."

Upon the foregoing finding of facts, the court found, as a conclusion of law, that the appellee was the owner and entitled to the possession of the premises in controversy.

The judgment recovered by the Citizens National Bank of Greensburg, though obtained after the execution of the appellee's mortgage, was a lien upon the equity of redemption which the Eagle Chair Company, the mortgagor and judgment debtor, then had in the real estate in controversy. And the sale of this equity of redemption, upon an execution legally issued upon said judgment, and the conveyance of the premises by the proper officer at the proper time to the purchaser, Henry, transferred to him the mortgagor's interest in the land, unless the suit commenced by the ap-

pellee to foreclose its mortgage, pending at the time of the sale, prevented the title from passing.

It is admitted by the appellee, that if Henry had purchased the equity of redemption before its suit to foreclose had been commenced, upon an execution issued upon the bank judgment, the title would have passed. But it is insisted that, as the sale was made after its suit to foreclose was commenced, Henry purchased subject to the pending suit against the Eagle Chair Company, and is bound by the results of that suit to the same extent that said company is bound; that the pendency of the suit was notice to him, and that by his purchase he simply stepped into the shoes of the Eagle Chair Company. But to this it may be answered, that the judgment of the bank was a lien upon the interest which the judgment debtor had in the premises in December, 1876, at the time when the judgment was rendered, and that the deed which Henry afterwards obtained from the sheriff will take effect by relation from the date of the judgment, and pass to the purchaser the title to the premises in controversy, which the Eagle Chair Company then had. In the case of *Smith* v. *Allen*, 1 Blackf. 22, the court says: "The purchaser's title at sheriff's sale takes effect from the date of the judgment." *Doe* v. *Horn*, 1 Ind. 363; *Bellows* v. *McGinnis*, 17 Ind. 64; *Ashley* v. *Eberts*, 22 Ind. 55.

Rorer on Judicial Sales, sec. 976, says: "Where judgments are liens, the deed of the sheriff relates back to the date of the judgment, and carries title from that date against all claims and liens junior thereto." *McCormick* v. *McMurtrie*, 4 Watts, 192; *Martin* v. *Martin*, 7 Md. 368; *Osterberg* v. *Union Trust Co.*, 93 U. S. 424, 428.

The claim of the appellee to the equity of redemption rests upon its suit to foreclose its mortgage, and is confessedly junior to the judgment in favor of the bank against the Eagle Chair Company.

But it is urged by the appellee that the payment made by Swank and Shanklin to Henry, of the amount which he paid for the lot at the sheriff's sale, was in performance of their agreement with the Eagle Chair Company to pay the bank judgment on which the sale was made.

The court not only finds that Shanklin and Swank paid Henry the amount which he paid for the lot, but that he held, from that time until he obtained a deed for the lot, the certificate of purchase in trust for them, and as security against his liability as their surety on a note ; that they afterwards paid the note on which Henry was surety, and that he, with the consent of Shanklin, conveyed to Swank, who conveyed to Sarah Shanklin. It is not expressly found by the court whether or not Mrs. Shanklin paid Swank any consideration for the conveyance to her, but we think the fair inference from the facts found is, that she did not.

Had Shanklin and Swank, or either of them, purchased the lot at the sheriff's sale on the judgment which they, with Walker, had agreed to pay, in equity such purchase would be regarded as a payment of the judgment, and they would not be permitted to assert the title so acquired against the judgment-debtor. And so, too, the payment to Henry of the amount paid by him at sheriff's sale for the lot will, in equity, be regarded as a redemption of the lot from the sheriff's sale for the benefit of the Eagle Chair Company, for whom, and for a valuable consideration, they had agreed to pay the judgment. The payment to Henry, and the claim of the appellants to hold the title procured by such payment for their benefit, is analogous to the claim of a party whose duty it was to pay the taxes upon land, but who, instead of doing so, buys the land at tax sale for his own benefit. The rule is, that a purchase made by one whose duty it was to pay the taxes shall operate as payment only. . Cooley on Taxation, p. 346. The law does not allow a party to acquire rights as against a third party by the neglect of a duty which

he owed to such third party. *Cooley* v. *Waterman*, 16 Mich. 366; *Smith* v. *Lewis*, 20 Wis. 369; *Piatt* v. *St. Clair's Heirs*, 6 Ohio, 227.

We conclude that the payment to Henry and the subsequent conveyances to Swank and Sarah Shanklin, can only operate as payment of the judgment which it was the duty of Swank, Shanklin and Walker to pay, and that the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the cost of appellants.