Filed March 15, 1889.

No. 13,547.

## CLENDENING v. OHL.

SHERIFF'S SALE.—*Mistake.*—*Sale of Wrong Land.*—*Trespass.*—*Waste.*—*Injunction.*—A purchaser at sheriff's sale of land sold by mistake acquires no title to the land intended to be sold and can convey none, and his grantee in taking possession thereof is a trespasser, and a subsequent purchaser from the judgment defendant may enjoin the commission of waste by him.

SAME.—*Notice of Mistake.*—*Fraudulent Conveyance.*—Neither the fact that the purchaser from the judgment defendant bought with notice of the judgment lien and of its satisfaction by mistake, nor the fact that the land was conveyed by such judgment defendant to defraud his creditors, will defeat the suit for an injunction.

From the Clinton Circuit Court.

*S. O. Bayless, W. H. Russell* and *F. F. Moore,* for appellant.
*T. H. Palmer* and *W. F. Palmer,* for appellee.

OLDS, J.—This is a proceeding for a temporary restraining order and a perpetual injunction. Appellee filed his complaint against the appellant, alleging that he was the owner of the following described real estate situate in Clinton county, Indiana, to wit: Thirteen acres off the south end of the east half of the northwest quarter of section twenty-eight, in

township twenty-two north, of range two west; that said lands have growing upon them a large quantity of timber, mostly sugar trees suitable for a sugar orchard, and as such orchard are peculiarly valuable; that the defendant is now cutting and destroying said timber and sugar trees, and is threatening to continue so to cut and destroy said timber and trees, to the irreparable damage of said lands and of this plaintiff; that defendant is insolvent, having no property subject to execution; that an emergency exists for the granting of a restraining order to restrain the defendant from cutting said timber and trees, thus denuding said lands and injuring them thereby; that defendant may cut all of said trees before a restraining order could be issued if time be given for notice. Prayer for a temporary restraining order, and on final hearing for a perpetual injunction enjoining defendant from cutting the timber or in any way interfering with the same or said lands.

Appellant demurred to the complaint for the reason that the same does not state facts sufficient to constitute a cause of action. The court overruled the demurrer, to which ruling appellant excepted. Appellant then filed an answer in three paragraphs. Afterwards, appellant filed a paragraph of answer designated an amended third paragraph. Appellee filed a demurrer to the amended third paragraph of answer, and pending the demurrer appellant withdrew the first and second paragraphs of answer, leaving the third amended paragraph as the only answer in the case. The court sustained the demurrer to the amended third paragraph, to which ruling of the court appellant excepted.

The amended third paragraph of answer alleges that, on August 30th, 1878, one Isaac S. Earhart obtained a judgment against James Clendening, Sr., before a justice of the peace of Clinton county, for $66.48; that the said Earhart caused a transcript of said judgment to be filed in the office of the clerk of the Clinton Circuit Court and an execution to be issued on said judgment to the sheriff of said county; that at

the date of the filing of said transcript in the clerk's office, said James Clendening, Sr., was the owner of the land described in the complaint; that said sheriff intended to levy said execution on the real estate described in the complaint, but by mistake levied upon, advertised, and sold another and entirely different tract of land. The description of the land levied upon, sold and conveyed described another tract of land from that described in the complaint, and the execution plaintiff, Isaac S. Earhart, became the purchaser thereof at such sale for the sum of $124.55, the amount of principal, interest and costs due upon said judgment, and the sheriff issued a certificate to Earhart for the lands sold, and the lands not being redeemed at the expiration of one year, a deed was issued by said sheriff to Earhart for the land. That afterwards, on the 14th day of March, 1885, said Earhart sold, and by quitclaim deed conveyed, the land so purchased by him at sheriff's sale to Elizabeth E. Clendening, the wife of defendant, who, with the defendant, her husband, took possession of the lands described in the complaint, and have held possession ever since, the wife of the defendant claiming to be the owner thereof; that after the filing of said transcript in the clerk's office of the Clinton Circuit Court, and after it became and was a lien upon the land described in the complaint, the said James Clendening, Sr., conveyed the land described in the complaint to his wife, Sarah Clendening; that said conveyance from Clendening, Sr., to his wife was made for the purpose of defrauding the creditors of said Clendening, Sr., and was without any consideration, and said Clendening, Sr., and wife conveyed said real estate to the plaintiff; that said conveyance to plaintiff was made after Elizabeth E. Clendening was in possession of said real estate, and said plaintiff had full and actual knowledge and notice of Elizabeth E. Clendening's possession, and of the sheriff's sale and conveyance to Earhart, and from him to said Elizabeth E. Clendening as aforesaid. And it is further averred that he believes said conveyance was made to the plaintiff without any consider-

ation, and in pursuance of an agreement and conspiracy between plaintiff and James Clendening, Sr., and his wife, with the intent and purpose of defrauding said Elizabeth E. Clendening of her legal and equitable interest in the said real estate ; that the only interest the plaintiff has in said land, if he has any, which defendant denies, he derives by virtue of said conveyance to him as aforesaid ; that the acts done by the defendant on said land, as complained of, were done with the counsel and express direction of his wife, with her authority and as her agent, and for her use and benefit.

The rulings of the court on the demurrer to the complaint and answer are assigned as error. The complaint is sufficient, and the demurrer was properly overruled. *Thatcher* v. *Humble*, 67 Ind. 444.

The answer, if good, must be so upon the theory on which it is pleaded, which is that the wife of the defendant derived some title to the real estate described in the complaint, through the sheriff's sale to Earhart and the conveyance by Earhart to her, which entitled her to possession, and that plaintiff derived no title to the real estate by virtue of the conveyance of James Clendening and wife to him. The denial of plaintiff's title is a mere denial that plaintiff took any title to the land by the conveyance, and can not be treated as a general denial of the plaintiff's title so as to constitute a good answer. To treat it so would be entirely inconsistent with the theory upon which the paragraph is pleaded.

The sheriff levied upon, sold and conveyed another and different tract of land; this conveyance passed no title whatever to the land described in the complaint, and gave no right of entry to the purchaser, and the purchaser deriving no title, he could convey none to the wife of the defendant; hence she had no authority to enter upon the land described in the complaint, and such entry would be without right and unlawful. 2 Freeman Ex. (2d ed.), section 281 ; Tiedeman Real Prop., section 696 ; Rorer Judi. Sales (2d ed.), section 99 ; *Frazier*

v. *Steenrod*, 7 Iowa, 339; *Rogers* v. *Abbott*, 37 Ind. 138; *Keepfer* v. *Force*, 86 Ind. 81; *Angle* v. *Speer*, 66 Ind. 488; *Souders* v. *Jeffries*, 107 Ind. 552.

The transfer of the land by James Clendening, Sr., and wife to plaintiff, with notice on the part of the plaintiff of the judgment lien and of its having been satisfied by a mistake and sale of property not owned by the judgment defendant, would not affect the right of the owner of the judgment to have the satisfaction set aside and the judgment enforced against the judgment defendant by sale of the land in question. From the allegations in this paragraph of answer it does not appear but that the judgment defendant owned the real estate described in the sheriff's levy, notice, certificate and deed, and a good title may have passed to Earhart by his purchase at sheriff's sale and he have conveyed the good title to such tract to the wife of defendant. If, as alleged in the answer, James Clendening, Sr., conveyed to his wife the land in question for the purpose of defrauding his creditors, and he and his wife afterwards conveyed the same to the plaintiff, as alleged in the answer, it could not be questioned by the defendant by an answer in these proceedings. It does not appear from the answer that the defendant was at any time a creditor of James Clendening, Sr., and the fraud, if any fraud was committed, in no way affected him; he was a trespasser upon the land.

The paragraph of answer was clearly bad, and the court did not err in sustaining the demurrer.

Judgment affirmed, with costs.

Filed March 15, 1889.