Filed March 25, 1896.

---

No. 1,985.

## SHROYER ET AL. *v.* SIMONS ET AL.

APPEAL BOND.—*Action On.*—*Defect of Parties in Bond.*—*Recovery.* —An action on a bond on appeal from a judgment adjudging the possession of land to two given persons, by virtue of which appellant holds possession of the land, which bond complies in all respects with section 7115, R. S. 1894, except that the name of one of the appellees does not appear therein, may be maintained by both appellees, under section 1235, providing that in an action on a defective bond plaintiffs may suggest the defect in the complaint and recover, the same as if there were no defect.

From the Huntington Circuit Court.

*J. M. Hatfield,* for appellants.

*Kenner & Lesh,* for appellees.

DAVIS, J.—One question only is presented by this appeal, and that is as to the sufficiency of the complaint.

The material averments in the complaint are, that in the year 1893, the appellees were the owners of a farm of seventy-three acres, in Jackson township, Huntington county, Indiana, and that the appellant Irvin Shroyer was in possession of said property, claiming as a tenant, which rights were disputed by appellees; that in March,

1893, they filed a complaint against him before a justice of the peace in said township, in which they alleged that the tenancy of said Shroyer expired on the first day of March, 1893, and that he was then in possession of said farm without right, and they prayed judgment for the possession of said property; that such proceedings were had in said action that judgment was rendered therein for the appellees; that said appellant Irvin Shroyer within thirty days after the rendition of said judgment prayed an appeal to the circuit court of said county, and filed his appeal bond in the sum of $200, signed by the appellants Elizabeth Simons and Mary A. Simons, sureties thereon, payable to said William Simons, appellee herein, in his own right and as agent for the plaintiff Dorinda Simons, properly conditioned for the due prosecution of said appeal, etc., which bond was approved and the appeal completed in April, 1893; that he failed to prosecute said appeal by dismissing the same in October, 1893. Damages sustained by the appellees growing out of the appeal and the breach of the condition of said bond are duly averred. The only objection made to the complaint is that the bond being payable to William Simons alone, a suit cannot be maintained thereon by the appellees. In other words, the contention of counsel for appellants is that for the reason stated the complaint is not good as to both of the appellees, and, therefore, it is not good as to either of them.

It clearly appears that said William Simons and Dorinda J. Simons were both parties to the action and the judgment for the possession of the farm, and that said Shroyer appealed from that judgment by executing the bond in suit. Is the complaint insufficient because Dorinda J. Simons is not named in the appeal bond? Sections 7106, 7115, inclusive, R. S. 1894.

The appeal bond is conceded to have been in all respects in compliance with the provision of section 7115, *supra*, except that the name of said Dorinda J. Simons does not appear therein. The appeal bond was properly conditioned for "securing damages, if any, and costs and the prosecution of the appeal."

The statute provides that the signer of each bond shall be bound to the full extent contemplated by the law requiring the same, and that in an action on a defective bond, the plaintiffs may suggest the defect in the complaint and recover to the same extent as if such bond were perfect in all respects. Section 1235, R. S. 1894; *Opp* v. *TenEyck*, 99 Ind. 345.

In the case last cited, which was an action on an appeal bond, Judge Zollars said: "The force and effect of this section is to cure defects and supply omissions in the class of bonds named, whether the defects and omissions be of form or substance, and to hold the obligors, both principals and sureties, to the full extent of the law requiring the bond."

In this case the judgment for possession was in favor of both appellees. The appeal bond expressly provided for the payment of "accrued rent." By virtue of the appeal Shroyer held the possession of the farm and the appellees were deprived of the use and rental of said property during the year of 1893.

Under the circumstances disclosed in the complaint, the defect in the bond, growing out of the omission of the name of Dorinda J. Simons therein, will be regarded as cured and the appellants held liable to the full extent of the statute under which the bond was executed.

It is not necessary to consider the motion of appellees to dismiss the appeal, nor the alleged defect in the

assignment of errors.    On the facts as alleged, if true, the appellees were entitled to recover.    The only error discussed is not, in our opinion, well taken.

Judgment affirmed.

Filed March 25, 1896.