CENTRAL STATES GAS COMPANY *v.* PARKER RUSSELL
MINING AND MANUFACTURING COMPANY ET AL.

[No. 24,357.    Filed January 15, 1925.]

1. ACTION.—*Courts have power to consolidate two or more actions involving same subject-matter.*—It is within the power of the trial courts to consolidate two or more actions involving substantially the same subject-matter.    p. 164.

2. APPEAL.—*From consolidated case, failure to mention cause combined with other not material.*—In taking an appeal from an action with which another was consolidated, the failure to mention the cause that was consolidated with it is not material.    p. 165.

3. APPEAL.—*Failure to name all appellees in appeal bond not cause for dismissing appeal.*—Failure to name all the appellees in an appeal bond is not cause for dismissing the appeal, as the defect is cured by statute (§1299 Burns 1926, §1278 Burns 1914, §1221 R. S. 1881).    p. 165.

4. APPEAL.—*Notice of appeal unnecessary in term-time appeal.*—Notice to other parties to the judgment is not necessary in a term-time appeal, and where such appeal is perfected, defects in notices given will not be considered.    p. 165.

5. APPEAL.—*Insufficiency of transcript to present some of errors assigned not cause for dismissing appeal.*—Insufficiency of the transcript to present for consideration some of the errors assigned is not cause for dismissal of the appeal on preliminary motion.    p. 166.

6. APPEAL.—*Clerk's amended certificate to transcript should be written into transcript and refer to it.*—Where the clerk was ·ordered by a writ of *certiorari* to correct his certificate to the transcript, a certificate written on a detached sheet of paper which did not refer to the original transcript was not a sufficient compliance with the writ, but the amended certificate should have been written into or appended to the transcript and refer to it as being so certified.    p. 166.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by the Parker Russell Mining and Manufacturing Company against the Central States Gas Company and others, with which an action by the Gas Machinery Company against the same defendants was consolidated. From a judgment for the plaintiffs in the consolidated action, the named defendant appeals. *Motion to dismiss appeal overruled.*

*Marshall & Fraser, P. R. Taylor, Baltzell & Baltzell* and *W. M. Alsop,* for appellant.

*Douglas W. Robert, William F. Calverly, Lucius C. Embree, Morton C. Embree* and *Emison & Hoover,* for appellees.

PER CURIAM.—In March, 1919, the Parker Russell Mining and Manufacturing Company brought an action in the Knox Circuit Court against appellant and others to foreclose an alleged mechanic's lien on certain real estate, which action was ultimately removed by change of venue to the Gibson Circuit Court and became known as cause No. 3,120. Nearly two years later, the Gas Machinery Company brought an action in the Knox Circuit Court against all the parties to said first suit, plaintiff and defendants, to foreclose an alleged mechanic's lien against the same real estate. By proper motion, the transfer of the second action for the purpose of consolidation with said cause No. 3,120 was asked and it was removed to and filed in the Gibson Circuit Court and was there designated as No. 3,606. Motions by the two plaintiffs to consolidate the two actions were presented and sustained, and the record recites that: "It is therefore ordered by the court that said cause number 3,606 be and the same now is consolidated with cause number 3,120." It was within the power of the court to do this. *Atkinson* v. *Disher* (1912), 177 Ind. 665, 673, 674, 98 N. E. 807.

Thereafter the actions so consolidated were "tried under cause No. 3,120," in which the court made a special finding, stated conclusions of law thereon,

2. rendered the judgment appealed from, by which it assumed to adjudicate all of the issues in both of the original cases, overruled appellant's motion for a new trial, granted an appeal on the filing of an appeal bond in an amount named, with a designated surety, within sixty days, and received a bond executed in compliance with such order, when presented on the fifty-ninth day, and entered an order approving it in which the fact of its presentation "to the court" is recited and the bond is set out at length. We think (1) that the filing of the appeal bond in the consolidated action within the time allowed is sufficiently shown, and (2) that the failure to mention cause No. 3606 in appealing from the judgment in the consolidated cause, which the court had ordered to be known as "cause No. 3,120," is not material.

The judgment was for the foreclosure of a mechanic's lien on certain real estate of appellant, the sale thereof, and payment therefrom of judgments rendered

3, 4. against appellant for costs in favor of each of the four appellees and of personal judgments rendered against appellant of $13,090.53 in favor of the Parker Russell Mining and Manufacturing Company and $17,149.74 in favor of the Gas Machinery Company. The appeal bond recited only the recovery by the Parker Russell Mining and Manufacturing Company of its judgment for $13,090.53, and the taking of an appeal therefrom. Failure to name the other appellees in the bond is not cause for dismissing the appeal. Since it was in the penal sum required, was signed by the surety named and was filed within the time fixed, all as ordered by the court, any other defects are cured by the statute. §1299 Burns 1926, §1278 Burns 1914, §1221 R. S. 1881;

*Corey* v. *Lugar* (1878), 62 Ind. 60; *Shroyer* v. *Simmons* (1895), 14 Ind. App. 631, 43 N. E. 275; Ewbank's Manual (2d ed.) §176. The transcript was filed in this court less than sixty days after the appeal bond was filed. §698 Burns 1926, §679 Burns 1914, §638 R. S. 1881.

Notice to other parties to the judgment, therefore, was not necessary, and we shall not consider the questions discussed by counsel as to the alleged insufficiency of certain notices that were served below. Ewbank's Manual (2d ed.) §165.

The alleged insufficiency of the transcript to present for consideration certain of the alleged errors is not cause for a dismissal of the appeal on prelimina-
5. ry motion. Matters of that kind will be passed on when the appeal is considered on its merits.

A writ of *certiorari* was obtained by appellant upon an affidavit which alleged that the clerk's certificate to the transcript was incorrect, and asked that the
6. clerk of the circuit court be ordered "to certify to the transcript and to include in his certificate that the transcript contains the entire record * * * and embraces the original bill of exceptions containing the evidence, and that said certificate be attached to the transcript as provided by law." A writ was issued commanding that the certificate be made correct in the particulars mentioned. By way of a return, the clerk has transmitted a detached sheet of paper which, as so detached, cannot be considered for any purpose, with a certificate written thereon which does not refer to "the above and foregoing transcript" (§692 Burns 1926, §667 Burns 1914, §7, ch. 193, Acts 1903 p. 341), but refers to a transcript that he had prepared six months before, and is not shown to have seen since. This was not a sufficient compliance with the writ. The amended certificate should be written into or appended to the

transcript it authenticates, and should refer to it as being so certified. Ewbank's Manual (2d ed.) §§115d, 115e.

Each motion of the appellees to dismiss this appeal is overruled, and the certificate of the clerk is ordered corrected in obedience to the writ of *certiorari* heretofore issued, in conformity with the facts as shown by the records in his office.