ALBIN DROST AND EDITH DROST; THE LOWELL NATIONAL BANK OF LOWELL, INDIANA *v.* PROFESSIONAL BUILDING SERVICE CORP.; LAKE COUNTY GLASS COMPANY, INC.; HOBART PLUMBING AND HEATING, INC.; THE INDIANA INSURANCE COMPANY

[No. 3-1274A213. Filed April 20, 1978. Rehearing denied May 31, 1978. Transfer denied October 10, 1978.]

*James A. Holcomb*, of Merrillville, *Arthur H. Gemmer*, of Indianapolis, *Lucas, Clifford, Kane & Holcomb*, of Merrillville, for appellants.

*George Vann, Barce Barce & Vann*, of Gary, *Fred M. Cuppy* and *Gerald Hrebec, Thomas, Burke, Dyerly & Cuppy*, of Gary, *Alan H. Lobley, Ice, Miller, Donadio & Ryan*, of Indianapolis, for appellees.

GARRARD, P.J.— This is the second appeal in this case. The action was originally commenced by the prime construction contractor, PBS, against the owners (Drosts) to recover on a construction contract. Lake County Glass Company, Inc. and Hobart Plumbing and Heating, Inc., as subcontractors, and The Lowell National Bank as mortgagee were made parties and filed cross complaints asserting their interests. After trial on the merits a judgment in favor of PBS and the subcontractors was affirmed on appeal. *Drost v. Professional Building Services Corp.* (1972), 153 Ind. App. 273, 286 N.E.2d 846 (transfer denied). After the judgment was affirmed PBS and the subcontractors sought additional attorneys' fees occasioned by the appeal and sought payment of their judgments from the appeal bond theretofore posted by Drosts. In addition Drosts petitioned the court (1) asserting an agreed judgment had been reached by the parties which should be enforced by the court; (2) asserting the court should correct a mistake in the computation of attorney fees and interest; and (3) asserting error in the ordered disbursement of the proceeds of the appeal bond. Drosts also filed a pleading alleging PBS and the subcontractors had been guilty of abuse of process and seeking damages. This claim was dismissed by the court.

From the adverse rulings on these various matters Drosts again appeal. We affirm.

## I. Consent Judgment

Drosts' first contention is that after the original appeal was disposed of the parties met and agreed to a judgment for a lesser amount. They assert error in the failure of the court to enter this agreement as judgment in the cause. The trial court conducted a hearing on this claim. Evidence concerning the agreement was in conflict. Accordingly, under familiar principles we will consider the evidence in the light most favorable to the decision and will affirm if there is evidence of probative value to support the result reached. While it is clear that a discussion concerning payment of the judgment and a modification to effect quick payment was held, the court could reasonably have found that PBS did not agree to the proposal[1] and that agreement by the subcontractors was expressly conditioned upon their receipt of the proposed settlement money in full within ten days, which did not occur.

Since the evidence supports a finding that the agreement contemplated was never completed so as to create a binding contract, the appellants have failed to demonstrate error. *Cf. State v. Huebner* (1952), 230 Ind. 461, 104 N.E.2d 385.

## II. Interest and Attorney Fees

Drosts contend the court erred in failing to grant their TR. 60(A) motion to correct errors in the award of interest and attorneys' fees. In examining these contentions it is necessary to recall that judgment on the merits was entered in this case and a timely appeal was taken which resulted in affirmance of the judgment. That affirmance established the law of the case as to issues actually raised on appeal *and* issues which by due diligence could have been raised but were not. *See New York Life Ins. Co. v. Kuhlenschmidt* (1941), 218 Ind. 404, 33 N.E.2d 340. *See also* TR. 60(B)(2); *Sheraton Corp. of America v. Korte Paper Co., Inc.* (1977), 173 Ind. App. 407, 363 N.E.2d 1263.

---

1. Since liability was already fixed by the prior judgment, consideration for the agreement would be like that in a composition of creditors.

In the original trial the court awarded PBS the balance due on the contract and found in favor of the subcontractors on their claims. In entering judgment, however, it awarded the subcontractors personal judgments against the Drosts. Drosts pointed out that this would, in effect, permit double recovery and the court corrected the judgment. The corrected judgment which was the subject of the first appeal awarded PBS a personal judgment against the Drosts for the balance due on the contract together with interest and attorneys' fees. This amount was adjudged a lien against the real estate. It then awarded the subcontractors judgments with interest against PBS and found that such amounts together with attorneys' fees constituted valid mechanics' liens against the real estate.

In their post-appeal motion. Drosts asserted there was clerical error subject to correction in the amounts awarded as interest and attorney fees in the corrected judgment which was the subject of the first appeal. The trial court denied this motion.

TR. 60(A) provides that a court, on its own initiative or on the motion of any party, may at any time correct *clerical* mistakes in judgments and errors *arising from oversight or omission.* Because of the mechanical and demonstrable nature of such errors, the commentary to TR. 60(A), as well as our prior case law, has taken the position that such errors may be corrected even after appeal and although they could have been raised in the appeal had proper diligence been exercised. 4 Harvey & Townsend, Indiana Practice § 60.3, pp. 205, 206; *Conway v. Day* (1881), 79 Ind. 318. The reason for the rule is that in the case of clearly demonstrable mechanical errors the interests of fairness outweigh the interests of finality which attend the prior adjudication. On the other hand, where the "mistake" is one of substance the finality principle controls. *Rooker v. Fidelity Trust Co.* (1931), 202 Ind. 641, 172 N.E. 454; 4 Harvey & Townsend, Indiana Practice § 60.3, p. 205.

In the present case the interest ordered paid to the subcontractors on their judgments was expressly recognized by the court's order as constituting a *pro tanto* satisfaction of the interest due PBS on its personal judgment against the Drosts. The interest payments did not create a double liability for interest.

With respect to the amounts of attorney fees found due, Drosts do not appear to assert a clerical error in the amounts ordered. They have presented us with no asserted mathematical errors or entries or other evidence to establish that the amounts awarded as attorney fees were not the precise amounts that the court intended to award. Indeed the court's ruling on their motion may be taken as an affirmation that the judgment ordered attorney fees in the exact amounts that the court intended to be awarded.

What the Drosts are, instead, attempting to argue in this appeal is that the court erred *as a matter of substance* in determining at the original trial the amounts which constituted "reasonable attorneys fees" for the parties entitled thereto.

Under the mechanic's lien statutes PBS and the subcontractors were entitled to recover reasonable attorneys' fees upon proof of the debts due and compliance with the statutory provisions concerning mechanic's liens. What amounts to a reasonable attorney's fee is a question of fact, *Blizzard v. Applegate* (1878), 61 Ind. 368. Its computation may depend upon a variety of factors. *See, e.g.,* DR 2-106(B), Indiana Code of Professional Responsibility. If the Drosts believed the attorneys' fees awarded were unreasonable and excessive they had every right to challenge the awards by appeal. They, in fact, did fully prosecute an appeal concerning the judgment. However, they elected to raise no question concerning the awards of attorney fees. They are now bound by that election and are foreclosed from now challenging the method and evidence used by the court in arriving at the sums decreed.

*III. Proceeds From Appeal Bond*

Drosts argue that since the appeal bond posted named only PBS as obligee, the court was without authority to direct payment of any of the bond proceeds to the two subcontractors. We disagree.

The entire judgment was stayed pending the appeal. TR. 62(D)(2) provides in part,

"Whenever an appellant entitled thereto desires a stay on appeal, he may present to the appropriate court for its approval a

supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award."

In addition, IC 34-1-64-1, which concerns defects in bonds, states,

"No official bond entered into by any officer, nor any bond, recognizance or written undertaking, taken by any officer in the discharge of the duties of his office, shall be void for want of form or substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance or written undertaking, were perfect in all respects."

This statute applies to appeal bonds. *Central States Gas Co. v. Parker Russell Mining & Mfg. Co.* (1925), 196 Ind. 163, 142 N.E. 119.

Moreover, Drosts have not established that they are harmed by the order for disbursement. Although the bonding company was subrogated to the lienor's rights, payments to the subcontractors representing principal and interest reduce *pro tanto* the personal liability of Drosts to PBS under the judgment. The disbursements representing attorneys' fees were a valid lien against the real estate. Accordingly, even if it were error to order the disbursements as the court did, we cannot say the substantial rights of the Drosts were adversely affected. TR. 61.

### IV. Abuse of Process

Finally, Drosts argue that the court erred in dismissing their pleading which sought to assert a claim for damages for abuse of process. We agree the claim was properly dismissed. The case had proceeded to final judgment and the appellate process was completed. The case was no longer *in fieri*, which is to say that the judgment had become final

and the pleadings and claims were merged into the judgment.[2] *See Bryant v. Owens* (1953), 232 Ind. 237, 111 N.E.2d 804. Accordingly, *in this action* Drosts could not properly maintain a new claim for relief. The court correctly dismissed their petition attempting to do so.

Affirmed.

Staton, J. and Robertson, J. (sitting by designation) concur.

NOTE — Reported at 375 N.E.2d 241.

2. Thus, with respect to TR. 15(D), which concerns supplemental pleadings, analytically there were no longer any "pleadings" to be supplemented. Proceedings which might be had either under TR. 60 or for enforcement of the judgment are to be distinguished. They do not address the "claims for relief" originally advanced. Rather they are directed to and concern the *judgment*.