**Sy SARNA, Appellant (Intervening Party Below)**

v.

**NORCEN BANK (formerly State Exchange Bank) Appellee (Plaintiff Below)**

**First National Bank of Monterey, Appellee (Defendant Below)**

James J. Sarna; Judith Sarna; Wittek Golf Supply, Co., Inc.; Camelot Universal Corporation; and C & C Oil Company, Inc., Defendants.

**No. 66A03–8802–CV–37.**

Court of Appeals of Indiana, Third District.

Nov. 7, 1988.

Rehearings Denied Dec. 27, 1988.

James P. Hayes, Holmes & Hayes, Plymouth, for appellant.

William L. Fortin, Stevens, Travis, Fortin, Lukenbill & Burbrink, Plymouth, for appellee Norcen Bank (formerly State Exchange Bank).

Richard F. Joyce, James N. Clevenger, Kizer, Neu, Joyce, Wyland, Humphrey, Wagner & Gifford, Plymouth, for appellee First Nat. Bank of Monterey.

HOFFMAN, Judge.

Sy Sarna appeals a trial court judgment rendered on September 2, 1987 granting a petition to clarify a judgment entered on October 25, 1985 which had ordered mortgage foreclosures and the sale of five tracts of land.

The facts relevant to this appeal disclose that the 1985 judgment was entered upon an action for foreclosure of mortgages wherein the NorCen Bank (formerly State Exchange Bank) was plaintiff, and the First National Bank of Monterey, James Sarna, Judith Sarna, Wittek Golf Supply Co., Inc., Camelot Universal Corporation, and C & C Oil Company, Inc. were defendants. Monterey Bank filed a counterclaim to establish its first priority on one tract of the land. The five tracts of land were ordered to be sold at a Sheriff's Sale.

The 1985 judgment gave a first priority in proceeds to NorCen Bank for tracts I through IV. Monterey Bank was given a first priority for tract V. The 1985 judgment stated in pertinent part:

"2. Tracts I, II, III and IV of said real property shall be first and separately sold, and the proceeds therefrom, less costs, shall be distributed firstly to plaintiff, State Exchange Bank, now Nor[C]en Bank....

3. Tract V shall then be sold separately with the proceeds therefrom, less costs, to be distributed firstly to The First National Bank of Monterey, Indiana...."

The Sheriff's Sale was conducted on March 18, 1986. NorCen Bank purchased tract III and Monterey Bank purchased tract V. Monterey Bank had arranged to sell tract V to Sy Sarna, defendant James Sarna's brother. Sy was present at the Sheriff's Sale. It was commonly known that tract III was a gas station on a piece of property which was bordered on three sides by tract V.

At the time of the 1985 judgment and the Sheriff's Sale, the legal description of tract V did not except tract III from its perimeters. Tract III was wholly included within tract V.

In July 1986 NorCen Bank listed tract III, the gas station, for sale and a sign was posted. In April 1987 James Sarna informed persons working on the gas station that some of the underground gas tanks extended onto his brother's property. Nothing was said regarding Sy's potential ownership interest in the entire property. Sy contacted representatives of the NorCen Bank about the boundaries of the property. Sometime later, NorCen Bank's representatives were informed that Sy was claiming an ownership interest in tract III.

In May 1987 NorCen Bank and Monterey Bank filed a joint petition to clarify the decree of foreclosure and order of sale. The petition set out the overlap contained within the legal descriptions of tract III and tract V. Sy, as an interested party, was served with a summons and a copy of the petition. Sy then filed his motion to intervene. The trial court granted the petition and ordered the sheriff to issue a Deed of Correction to Monterey Bank for tract V, excepting therefrom tract III. Sy appeals from that proceeding.

Sy raises several issues on appeal directed to the procedural efficacy of the petition and the relief granted by the court. As restated and consolidated the issues are:

(1) whether Ind. Rules of Procedure, Trial Rule 60 contemplates the granting of a petition to clarify a judgment which was rendered approximately 18 months prior to the filing of the petition;

(2) whether the trial court erred in holding an evidentiary hearing on the petition;

(3) whether the stipulations submitted by the parties prior to the 1985 judgment regarding Monterey Bank's first mortgage lien on tract V was binding on the parties at the time of the 1987 judgment; and

(4) whether correction of the Sheriff's Deed was the proper remedy.

In his first issue Sy complains that T.R. 60, relief from judgments or orders, does not contemplate the action taken by the court in 1987. Although the petition to clarify was not designated as such, clearly it was based upon T.R. 60. Sy correctly notes that any motion for relief pursuant to T.R. 60(B) due to mistake, excusable neglect, or surprise must be made not more than one year after the judgment. However, T.R. 60(A) provides in relevant part:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the record is filed on appeal of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

■ The rule allows a court on its own initiative or upon the motion of a party to correct clerical mistakes and oversights or omissions which plague a judgment. *Drost et al. v. Professional Bldg. Serv.* (1978), 176 Ind.App. 172, 175, 375 N.E.2d 241, 244. The rule recognizes that "in the case of clearly demonstrable mechanical errors the interests of fairness outweighs the interests of finality which attend the prior adjudication. On the other hand, where the 'mistake' is one of substance the finality principle controls." *Drost, supra,* citing *Rooker v. Fidelity Trust Co.* (1931), 202 Ind. 641, 177 N.E. 454; 4 Harvey & Townsend, Indiana Practice § 60.3, p. 205.

A "clerical error" has been defined as a mistake by a clerk, counsel, judge or printer which is not a result of judicial function and cannot reasonably be attributed to the exercise of judicial consideration or discretion. *Alamo Irr. Co. v. U.S.* (1965), 81 Nev. 390, 404 P.2d 5. *Accord, Fehlhaber Corp. v. State* (1970), 64 Misc.2d 167, 314 N.Y.S.2d 574.

Thus, where provisions for the watering of livestock and the washing of mineral salts from land were indispensable to a judgment rendered 36 years prior to a request for clarification, their omission was a clerical error which could be corrected without time limitation. *Alamo, supra.*

■ Whether the problem with the overlapping legal descriptions is termed a "clerical error" or an "oversight," it is clear that the error did not result from judicial discretion or consideration. Further, a proper legal description is indispensible to the 1985 judgment. The record and the evidence elicited for the 1985 judgment clearly demonstrate that the parties, the court and the sheriff believed that tract III was excepted from tract V. Moreover, the record discloses that Sy did not believe that he was purchasing the gas station, tract III, at the time that he purchased tract V from Monterey Bank. Accordingly, the petition in the present case was one which is contemplated by T.R. 60(A), and was not untimely.

Next, Sy alleges that the trial court erred in holding an evidentiary hearing on the petition before making its 1987 entry. The evidence on the petition was directed to the overlap problem and the parties' intentions at the time of the 1985 judgment. Even excluding the evidence taken on the petition, the state of the record at the time of the 1985 judgment revealed the overlap within the legal descriptions and that the parties had always treated tract III as separate from tract V. The defendants Sarna had used the tracts separately as collateral and separate liens had been taken on the properties. The parties requested and the court ordered separate foreclosures and sales of the properties. Consequently, the additional evidence is unnecessary to the court's 1987 judgment and as such no error occurred in holding the evidentiary hearing.

Sy also argues that the parties were bound by their 1985 stipulation that Monterey Bank was entitled to a first mortgage lien on tract V. Sy's focus on the order of priorities as to the tracts of land is misplaced. The order of the priorities was

unaffected by the 1987 judgment. The proper inquiry should be whether the judgment in 1985 allowed the sheriff to pass title to the gas station, which comprises tract III, along with the title to tract V. *See, Shanklin et al. v. The Franklin Life Insurance Company* (1881), 77 Ind. 268, 272 (" '[w]here judgments are liens, the deed of the sheriff relates back to the date of the judgment, and carries title from that date against all claims and liens junior thereto.' ")

The judgment ordered tract III to be sold prior to and separately from tract V. The sheriff could not pass title to tract III along with that of tract V when tract III had already been sold. *Cf. Clendening v. Ohl* (1889), 118 Ind. 46, 49, 20 N.E. 639 (mistake in selling land at sheriff's sale conveyed no title).

█ Finally, Sy questions the propriety of the remedy invoked by the court. Here the court ordered a correction in the Sheriff's Deed. The remedy was appropriate under the circumstances of this case. The Banks which received the Sheriff's Deeds realized that through oversight the legal description of tract V included tract III. No reason existed to set aside the Sheriff's Sale inasmuch as the judgment was not void or voidable, but merely unclear. The trial court did not err in ordering the corrected Sheriff's Deed on tract V.

There being no finding of error the trial court's judgment is affirmed.

AFFIRMED.

GARRARD, P.J., and BUCHANAN, J., concur.