## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2015, 10:16 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| John Mark Nipp | Julia N. Compton |
| New Castle, Indiana | Franklin, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| **John Mark Nipp,** <br> *Appellant-Petitioner,* <br><br> v. <br><br> **Amy Elizabeth Nipp,** <br> *Appellee-Respondent,* | March 31, 2015 <br><br> Court of Appeals Case No. 33A01-1410-DR-457 <br><br> Appeal from the Henry County Circuit Court <br> Trial Court Cause No. 33C01-0610-DR-133 <br> The Honorable Mary G. Willis, Judge |

**Bradford, Judge.**

## Case Summary

[1] Appellant-Petitioner John Mark Nipp ("Father") and Appellee-Respondent Amy Elizabeth Nipp ("Mother") were divorced in 2007. Two children, M.N. and A.N., were born of the marriage. Mother filed a motion to modify custody in 2013. On May 5, 2014, the trial court signed an order granting split custody

with Father having primary custody of A.N. and Mother having primary custody of M.N. That order also provided that the parties would continue the same near-equal parenting time schedule as had been used prior. On August 22, 2014, Mother filed a motion requesting that the trial court clarify its May 5, 2014 order. The trial court granted the motion and reduced Father's parenting time with M.N. Father argues that the motion to clarify was essentially a motion to correct error that was filed belatedly. We agree and reverse.

## Facts and Procedural History

The parties married in 1996 and had two children together, M.N. and A.N. The marriage was dissolved on December 7, 2007. The dissolution order provided that the parties would have joint legal custody of the children and that Father would be the primary care provider. With regards to parenting time, the order provided that

> "each party is receiving almost equal time with the children" and Mother's parenting time schedule is extensive and greater than contemplated by the Indiana Parenting Time Guidelines [("IPTG")] on what the parties denominate a 2/5 day schedule and Mother was allotted 182 overnights on the child support worksheet.

App. 17-18.

On April 16, 2013, Mother filed a motion to modify custody. Hearings on the matter were concluded on March 5, 2014. On May 5, 2014, the trial court signed an order on custody, support, and parenting time in which it adopted the Court Appointed Special Advocate's recommendation that the parents share

joint legal custody.[1]  Specifically, the court ordered "that Father shall have primary physical custody of [A.N.], and Mother shall have primary physical custody of [M.N.]."  Appellant's App. p. 19.  Addressing parenting time, "The Court ORDERS a deviation from the regular [IPTG] for the reasons set forth above and the parties are ordered to continue to exercise extensive parenting time with a nearly equal parenting time arrangement."  Appellant's App. p. 20.

[4]     Following the order, the parties continued to exercise "nearly equal parenting time" using the original 2/5 day schedule they had previously used. Appellant's App. p. 20.  On August 22, 2014, Mother filed a motion for written clarification of the May 5, 2014 order.  The motion requested that the trial court clarify whether it intended for the parties to continue using the original parenting time schedule.  After a hearing on the motion, the trial court issued an order of clarification, filed September 29, 2014, which allocated to Father significantly less parenting time with M.N.  Father appeals the trial court's order of clarification.

# Discussion and Decision

[5]     Decisions regarding child support are generally left to the discretion of the trial court. *Thacker v. Thacker*, 710 N.E.2d 942, 944 (Ind. Ct. App. 1999).  Absent an abuse of discretion or a determination that is contrary to law, a court on appeal will not disturb a trial court's order modifying child support. *Id*.  In reviewing orders modifying child support, we consider only the evidence and reasonable inferences

---

[1] The order was not issued until June 4, 2014.

favorable to the judgment. *Hamiter v. Torrence*, 717 N.E.2d 1249, 1252 (Ind. Ct. App. 1999).

*Gilbert v. Gilbert*, 777 N.E.2d 785, 790 (Ind. Ct. App. 2002).

[6] Indiana Trial Rule 59 provides that a motion to correct error must be filed not later than thirty days after entry of final judgment. Father claims that there is no basis for a motion to clarify in the Indiana Rules of Trial Procedure and that Mother's motion can only be reasonably characterized as a motion to correct error, and therefore, was belatedly filed more than thirty days after final judgment. For her part, Mother argues that the motion should be characterized as a request for relief from judgment under Trial Rule 60(B)(8), which must be filed "within a reasonable time" after a final judgment.[2]

[7] Father bases his argument on our recent decision in *Hedrick v. Gilbert*, 17 N.E.3d 321 (Ind. Ct. App. 2014).

> The Indiana Trial Rules do not provide for a "motion for clarification." If we were to treat it as something other than a motion to correct error or a motion to reconsider, practitioners would have no guidance on what such a motion should be, its timelines, or its possible end results. Gilbert argues that she merely asked for certain technical clarifications regarding the timeline of payments. While that is true, nothing in the rules distinguishes a request for a technical clarification from a request for a more substantive change, and nothing in the rules

---

[2] We note that Mother briefly argues, in a footnote, that Father failed to argue to the trial court that Mother's motion to clarify fell within the purview of Trial Rule 59 and that it was untimely, and so waived those arguments on appeal. However, we find that Father's failure to make such arguments below is excusable in light of the fact that Mother's motion was not labeled as a motion to correct error and was seemingly crafted to appear not to be a motion to correct error so as to avoid the thirty-day filing requirement. "[T]his Court prefers to reach the merits of any issue when at all possible." *Chance v. Chance*, 400 N.E.2d 1207, 1209 (Ind. Ct. App. 1980).

provides for a motion to correct a "technical error" as opposed to a motion to correct any other error.

\* \* \*

In the end, we find that it would elevate form over substance to treat a "motion to clarify" as something other than a motion to correct error.

*Id.* at 326. We agree with Father that *Hedrick* is controlling in the instant matter. Nonetheless, we will address Mother's arguments to the contrary.

[8] Trial Rule 60(B)(8) provides as follows: "the court may relieve a party or his legal representative from a judgment, including a judgment by default, for… (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." Mother argues that "Trial Rule 60(B) gives a Court broad equitable power to clarify an ambiguous court order." Appellee's Br. p. 10. However, there is no such language in Rule 60 providing such broad power to trial courts and Mother provided no case law supporting that contention.

[9] Mother attempts to liken the instant situation with one this court addressed in *Sarna v. Norcen Bank*, 530 N.E.2d 113 (Ind. Ct. App. 1988). In *Sarna*, we upheld a trial court's decision to grant a motion to clarify a judgment rendered approximately eighteen months prior. *Id.* at 115. However, we found that Norcen Bank's motion to clarify was based on Trial Rule 60(A) not 60(B). Trial Rule 60(A) allows for the correction of "clerical mistakes." The clerical error in *Sarna* was due to an improper legal description of land made by the recorder's office which had listed two separate properties of land as having overlapping areas. *Id.* "[W]here the 'mistake' is one of substance the finality

principle controls. A 'clerical error' has been defined as a mistake by a clerk, counsel, judge or printer which is not a result of judicial function and cannot reasonably be attributed to the exercise of judicial consideration or discretion." *Id.* at 115 (quotations and citations omitted).

> Trial Rule 60(A) merely provides a remedy to correct by *nunc pro tunc* entry clerical errors in judgments, orders, etc., or errors arising from oversight or omission. That trial rule, however, does not constitute a license to make judicial changes in the actual law or ruling of a case.

*Artusi v. City of Mishawaka*, 519 N.E.2d 1246, 1248 (Ind. Ct. App. 1988).

[10] Mother does not argue that there is any clerical error in the instant case. However, she argues that "[a]lthough the particular rule applied in *Sarna* was Trial Rule 60(A), the analysis of the issue in this case nevertheless remains to [sic] the same." Appellee's Br. p. 13. We do not agree. In its May 5, 2014 ruling, the trial court ordered the parties "to continue to exercise extensive parenting time with a nearly equal parenting time arrangement." Appellant's App. p. 20. This appears to be an unambiguous order for the parties to continue the same nearly-equal parenting time schedule as they had been using since the original dissolution decree in 2007.[3] In its subsequent order on clarification, the trial court ordered the parties

> 2. …to continue to exercise extensive parenting time with a nearly equal parenting time arrangement **with [A.N.]**. []

---

[3] We note that the parties continued using the original parenting time schedule following the May 5, 2014 order. This implies that there was no confusion with the intent of the order.

3. Because of the parties inability, refusal and neglect to communicate regarding a flexible parenting time [schedule] for [M.N.] to account for the change in primary physical custody to Mother, the Court finds that Father shall exercise parenting time with [M.N.] no less than the provisions of the most recent [IPTG] with Mother to provide additional parenting time as [M.N.] requests and the schedule allows....

4. All other terms and conditions of the parties Decree, *except as modified herein*, shall remain in full force and effect.

Appellant's App. pp. 8-9 (first emphasis in original, second emphasis added).

[11] We see no evidence of mistake or ambiguity in these orders. The trial court used its order on clarification to make a substantive change to its original ruling: that is, to continue the near-equal parenting time schedule with regards to A.N., but to provide significantly less parenting time to Father with regards to M.N. Moreover, in paragraph four of the order on clarification, the trial court acknowledged that it was modifying its original order. Such a modification would not be precluded had it been made pursuant to a motion to correct error or reconsider. However, such motions must be filed within thirty days of a final judgment and Mother's motion for clarification was not filed until August 22, 2014, well over thirty days after the order on custody was signed and issued; May 5, 2014, and June 4, 2014, respectively. Once the period for any such motions and/or appeals has passed, the only proper vehicle for seeking a substantive change to a child custody order is a request for modification. We therefore reverse the judgment of the trial court with instructions that the May 5, 2014 order be enforced as written.

[12] The judgment of the trial court is reversed.

Najam, J., and Mathias, J., concur.