## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 20 2016, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer Jones Auger
Franklin, Indiana

ATTORNEY FOR APPELLEE

Jonathan R. Deenik
Deenik Law, LLC
Greenwood, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eric Leo Kamradt,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Theresa Ann Kamradt,<br>*Appellee-Respondent* | October 20, 2016<br><br>Court of Appeals Case No.<br>49A02-1603-DR-597<br><br>Appeal from the Marion Superior Court<br><br>The Honorable H. Patrick Murphy, Magistrate<br><br>Trial Court Cause No.<br>49D10-1404-DR-11793 |

**Baker, Judge.**

[1] Eric Kamradt (Husband) appeals the trial court's order, which modified the asset distribution previously ordered by the trial court to give more property to Theresa Kamradt (Wife). Husband argues that Wife's motion to correct error should have been deemed denied thirty days after the trial court held a hearing on the matter. Finding that the trial court was, in substance, correcting a clerical error, we affirm.

## Facts

[2] Husband and Wife's marriage ended on August 7, 2015, with a dissolution decree dividing their marital property. The trial court intended to divide the estate equally, but found that Wife had made $63,758 more in marital expenditures than Husband during the pendency of the dissolution and that Wife was entitled to $10,000 in attorney fees. Appellant's Supp. App. p. 32. These sums were factored into the property division such that, out of a total net estate of $617,466.06, Wife received $345,711.69 and Husband received $271,754.37. *Id.* at 36.

[3] On September 11, 2015, Husband filed a motion to correct error, alleging that the trial court made several factual errors. On September 28, Wife filed a statement in opposition to Husband's motion along with her own motion to correct error. Wife alleged that the trial court had awarded three items of property—two cars and a motorcycle—to Husband and that, although the values of these properties were included on the Marital Estate Summary spreadsheet, their values had been inadvertently excluded from Husband's asset

total. As a result, Husband received assets that the trial court had valued at $40,389 without those assets being counted toward his share of the marital estate. Accordingly, Wife requested the trial court to award her Husband's 401(k) retirement plan, worth $27,922.99, to make up for the difference.

[4] The trial court held a hearing on the competing motions on November 19, 2015. Roughly three months later, an order from the trial court on a separate matter contained a handwritten note stating that the trial court would issue its order on the motions to correct error on February 12, 2016. Husband received this information on February 18, and he filed a motion for an enlargement of time so that he could prepare and submit a proposed order. Wife filed an objection to Husband's request, arguing that the trial court did not have the authority to grant either motion because they were deemed denied thirty days after the November hearing pursuant to Indiana Trial Rule 53.3.

[5] On February 23, 2016, the trial court issued an order granting Wife's motion to correct error and denying Husband's. Husband now appeals.

## Discussion and Decision

[6] On appeal Husband has, somewhat ironically, adopted Wife's position that the motions to correct error were deemed denied thirty days after the November 2015 hearing. Wife counters that the trial court's order was, in substance, a correction of a clerical error pursuant to Indiana Trial Rule 60.

[7] Both parties made a motion to correct error. Indiana Trial Rule 59(C) provides that "[t]he time at which the court is deemed to have ruled on the motion is set

forth in T.R. 53.3." That rule, in turn, explains: "In the event a court . . . fails to rule on a Motion to Correct Error within thirty (30) days after it was heard . . . the pending Motion to Correct Error shall be deemed denied." Ind. Trial Rule 53.3(A).

[8] In contrast, Trial Rule 60(A) permits the trial court to correct "clerical mistakes . . . *at any time* before the Notice of Completion of Clerk's Record is filed under Appellate Rule 8" (emphasis added). We have defined "clerical mistake" in this context to refer to "a mistake by a clerk, counsel, judge, or printer that is not a result of judicial function and cannot reasonably be attributed to the exercise of judicial consideration or discretion." *KeyBank Nat'l Ass'n v. Michael*, 770 N.E.2d 369, 375 (Ind. Ct. App. 2002). "Clerical errors and mechanical matters involved in making computations are included in this area." *First Bank of Madison v. Bank of Versailles*, 451 N.E.2d 79, 81 (Ind. Ct. App. 1983). "The reason for the rule is that in the case of clearly demonstrable mechanical errors the interests of fairness outweigh the interests of finality which attend the prior adjudication." *Drost v. Professional Bldg. Serv. Corp.*, 176 Ind. App. 172, 175, 375 N.E.2d 241, 244 (1978). Indeed, the "power to correct a clerical mistake . . . is a necessary power in the administrative of every department" of government. *Bell v. Hearne*, 60 U.S. 252, 262 (1856). On the other hand, where the mistake is one of substance, the finality principle controls. *Rooker v. Fidelity Trust Co.*, 202 Ind. 641, 177 N.E. 454 (1931). The trial court is permitted to correct clerical mistakes "[o]f its own initiative," and so the form of the parties' request is not dispositive. Ind. Trial Rule 60(A).

[9] We believe that the trial court's order corrected a mechanical error and did not effect a change in the substance of its ruling.[1] The dollar figures associated with the two cars and the motorcycle were present on the trial court's Marital Estate Summary document. Appellant's Supp. App. p. 35. Inadvertently, these values were not added to Husband's assets. *Id.* at 36. This was clearly either a mechanical computational error or a human scrivener's error, not a matter of judicial consideration.

[10] Husband argues that the trial court's order constitutes a change in substance because it involves the transfer of assets from him to Wife. We note, first, that the trial court actually ordered the following: "Parties may propose in pending mediation any transfer of asset[s] that will accomplish this correction. Otherwise, such will come from the Tom Wood 401(k) account." Appellant's App. p. 16. Thus, the trial court did not order assets to be transferred, but rather noted its error in calculation and allowed for the parties to shift assets accordingly. But even if the trial court had ordered the transfer of the 401(k) account, we believe that would be the inevitable result of any correction of a miscalculation, which Trial Rule 60 permits.

---

[1] Looking at the Marital Estate Summary spreadsheet, we cannot determine whether this was a mechanical error made by Excel or whether it was a scrivener's error made by the trial court. The three assets are listed, along with their values, but each has an asterisk next to it. The total listed underneath then excludes their values. Either way, our conclusion remains the same, as Trial Rule 60 permits the trial court to correct either type of error.

Whether this was a computational malfunction or a scrivener's error in omitting to enter the data correctly, the error in this case is precisely the type of mechanical error that Trial Rule 60 permits the trial court to fix. Moreover, we cannot fault the trial court for the remedy it adopted.

The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.