**Regina V. BURRINGTON, Appellant (Respondent Below),**

v.

**Michael A. HOWARD, Appellee (Petitioner Below).**

No. 06A01-8709-CV-232.

Court of Appeals of Indiana, First District.

April 7, 1988.
Rehearing Denied May 16, 1988.

Lawrence D. Giddings, Thomas A. Whitsitt, Giddings Whitsitt Baker & McClure, Lebanon, for appellant.

Michael J. Andreoli, Donaldson Andreoli & Truitt, Lebanon, for appellee.

ROBERTSON, Judge.

Appellant-respondent Regina Burrington (Regina) appeals from the trial court's order awarding custody of Stacy Howard to Stacy's father Michael Howard, the appellee-petitioner (Michael).

We affirm.

Michael and Regina were divorced in 1984 and agreed to joint custody of their daughter, Stacy. Regina had physical custody of Stacy, who was age six at the time of the modification. After the divorce, Michael married Jane Howard and Regina married Larry Burrington. The parties lived near one another and the joint custody arrangement worked extremely well until August of 1986, when Regina told Michael that she planned to move to Georgia with Stacy and Regina's husband who had a new job there. Her notice of intent to change residence was filed in November, 1986. At the same time, Michael filed his petition to modify the dissolution decree. The trial court granted an order prohibiting Regina from removing Stacy from Indiana until an evidentiary hearing could be held.

The evidence at the hearing included a report of Dr. Richard Lawlor, a psychologist, whose report favored continuing joint custody, but with physical custody in Regina as the "primary psychological parent." However, Dr. Lawlor qualified his recommendation by stating that should the court determine that certain factors, such as the possibility of future relocations from Georgia, are more consequential than Dr. Lawlor deemed, then his recommendation of Regina would not hold.

After hearing testimony from the parties, their spouses, and other witnesses, and without conducting an in camera interview of Stacy, the trial court issued findings of fact and conclusions of law. It awarded custody of Stacy to Michael and granted scheduled visitation to Regina.

Regina brought this appeal, raising four issues which may be consolidated and restated as:

I. Whether the trial court abused its discretion in awarding custody of Stacy to Michael;

II. Whether the trial court erred in refusing to admit Regina's exhibit A.

ISSUE I.

■ In a custody modification matter, the standard used by the trial court and that used by this court in review are not the same. The trial judge is entrusted with the responsibility for determining whether there has been a change in circumstances so substantial and continuing as to make the existing order unreasonable. *Marshall v. Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, 810; *Poret v. Martin* (1982), Ind., 434 N.E.2d 885, 889.

Upon an affirmative determination by the trial judge that there has been a change in conditions so substantial and continuing as to make the existing order unreasonable, our function is merely to determine whether the trial court abused its discretion. *Marshall v. Reeves, supra.* To constitute an abuse of discretion, the trial court's decision must be one that is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom. *Id.* If there is any evidence, or legitimate inferences to support the finding and judgment of the trial court, this court will not intercede or interfere and exercise or use its judgment as a substitute for that of the trial court. *Poret, supra* at 887; *Reeves, supra,* 311 N.E.2d at 810.

Regina's principal contention under this issue is that the trial court modified custody because of Regina's move to Georgia

although the caselaw states that a custodial parent's move out of state is not *per se* a substantial change in circumstances such as to make that parent's continued custody unreasonable, citing *Poret v. Martin, supra; Marshall v. Reeves, supra;* and *Lubeznik v. Liddy* (1985), Ind.App., 477 N.E. 2d 947. However, Regina's argument overlooks analysis of the supreme court in *Poret v. Martin, supra.* In that case, the supreme court affirmed the trial court's changing of custody when the custodial parent planned an out-of-state move, thus vacating the decision of the court of appeals:

> We agree with the court of appeals in concluding that a custodial parent's move out of state is not *per se* a substantial change in circumstances such as to make that parent's continued custody unreasonable. However, in so concluding, it appears to have considered the removal of the boys to Arizona in isolation from the relevant circumstances of their lives. Whether or not any given change is substantial must be determined in the context of the surrounding circumstances. If, in context it is likely to beget a consequential end result, it must be deemed to be substantial.

*Poret, id.* at 890.

In the instant case, the trial court concluded from the evidence that given Michael's "significant, frequent and obvious contribution" to Stacy's upbringing, Regina's move to Georgia constituted a substantial and continuing change of circumstances, making the original joint custody order unreasonable. The court also found that Stacy's best interests would be served by living with Michael because remaining in Indiana would promote stability in her schooling, community, social, church and familial relationships. We find that there was substantial evidence in the record supporting the findings and judgment of the court. While the court recognized that both parents shared a positive role in Stacy's life, the court was presented with evidence that suggested Regina and Larry Burrington tended to put their own interests above Stacy's, as evidenced by their marrying in Las Vegas without informing Stacy first. In contrast, Michael and Jane included Stacy in their marriage ceremony. It was also Mr. Burrington's testimony that he and Regina had decided to move to Georgia with very little consideration of the effect of the move on Stacy:

Q. You know, in all that you've said about the considerations that went into taking the job with Atec, I've not heard you mention Stacy Howard. Where did she come into this, Mr. Burrington?

A. In terms of?

Q. Your decision making that prompted you to take a job out of the state of Indiana, or, with the job with Atec, knowing that you were immediately going to be transferred out of the state of Indiana?

A. Um-hm.

Q. Where did that fit into this decision making process?

A. Where did Stacy fit into it?

Q. Yes, sir.

A. Stacy simply is a part of our family and we just, and I assumed and I think Gina assumed would relocate right along with us, and would adjust to the environments of a community in Georgia no different than the type of community that she has here.

There was also testimony although conflicting, that Burrington might be transferred again within one year. Finally, the court heard evidence that before proposing the move to Georgia, Michael's visitation with Stacy was substantial, whereas after the move was announced, Regina had limited Michael's time with Stacy. This is all evidence from which the trial court could have determined that Regina's move to Georgia was likely to beget a consequential end result, making the change in circumstances substantial. We will not disturb the trial court's decision.

ISSUE II.

Regina complains that the trial court refused to admit into evidence her Exhibit A, which was a draft of the parties'

negotiated custody agreement. It was proffered to show that Regina and Michael had considered the issue of Regina's right to remove Stacy from the state, more particularly, that Michael agreed to strike language restricting such a move. We find no error in refusing to admit the exhibit. IND.CODE 31–1–11.5–22(d) states that "the court shall not hear evidence on matters occurring prior to the last custody proceeding between the parties unless such matters relate to a change of circumstances." Michael's concession on a point of the parties' agreement does not relate to the issue of changed circumstances. Moreover, we note that the agreement is not signed by the parties nor was it approved by the court. The draft quite clearly would come under the rule that evidence of offers of compromise and settlement are excludable. *Hahn v. Ford Motor Company, Inc.* (1982), Ind.App., 434 N.E.2d 943. There was no error in excluding the exhibit.

Judgment affirmed.

RATLIFF, C.J., and NEAL, J., concur.