FORT WAYNE EDUCATION
ASSOCIATION, INC.,
Appellant,

v.

Mary E. ALDRICH, et al., Appellees.

Ruth E. ALBRO, Rosemary Adams,
et al., Appellants,

v.

INDIANAPOLIS EDUCATION
ASSOCIATION, Appellee.

Nos. 02S04–9206–CV–476,
29S02–9206–CV–478.

Supreme Court of Indiana.

June 23, 1992.

Rehearing Denied Sept. 9, 1992.

Richard J. Darko, Mary Jane Lapointe, Lowe Gray Steele & Hoffman, Indianapolis, for appellant Fort Wayne Educ. Ass'n.

William T. Hopkins, Jr., Gallucci, Hopkins & Theisen, P.C., Fort Wayne, for appellees Mary E. Aldrich et al.

Milton L. Chappell, National Right to Work Legal Defense Foundation, Springfield, Va., William F. Diehl, Byrum, Gagnon & Diehl, Indianapolis, for appellants Ruth E. Albro et al.

Richard J. Darko, Mary Jane LaPointe, Lowe Gray Steele & Hoffman, Indianapolis (Robert H. Chanin, Bruce R. Lerner, John M. West, Bredhoff & Kaiser, Washington, D.C., of counsel), for appellee Indianapolis Educ. Ass'n.

ON CIVIL PETITIONS TO TRANSFER

GIVAN, Justice.

The causes captioned above are hereby consolidated for the purpose of disposition.

On January 21, 1992, the Court of Appeals issued an opinion in *Fort Wayne Educ. Ass'n., Inc. v. Aldrich* (1992), Ind.App., 585 N.E.2d 6, in which they followed precedent and reversed the Allen Circuit Court decision which had been rendered in favor of appellees, Mary E. Aldrich, et al. On January 30, 1992, the Court of Appeals rendered its decision in the combined cases of *Ruth E. Albro, Rosemary Adams, et al. v. Indianapolis Education Association* (1992), Ind.App., 585 N.E.2d 666, in which they reversed both the Marion Superior Court and the Hamilton Circuit Court, each of which had entered summary judgment in favor of the Indianapolis Education Association.

In the Court of Appeals' opinion, handed down on January 30, 1992, they cited the *Fort Wayne Educ. Ass'n., Inc.* case and the cases relied upon therein and acknowledged that up to that time the methods followed by the teachers' unions and organizations in assessing fair-share payments to non-union teachers had been approved by the courts. However, they cited *Lehnert v. Ferris Faculty Association* (1991), 500 U.S. ——, 111 S.Ct. 1950, 114 L.Ed.2d 572, and observed that the standards heretofore approved did not meet the standards set forth in *Lehnert* and that the prior precedent including the *Fort Wayne Educ. Ass'n., Inc.* case should be overruled.

Upon examining the briefs in these cases and the cases cited in the *Albro* case, we are of the opinion that the Court of Appeals is correct in the *Albro* case. We therefore adopt by reference that opinion in its entirety and make it a part of this opinion. Ind.Appellate Rule 11(B)(3).

Transfer is granted in the *Fort Wayne Educ. Ass'n., Inc.* case, the Court of Appeals' opinion is set aside, and that case is remanded to the trial court. It is ordered that the trial court's restraining order be held in full force and effect until the Fort Wayne Education Association, Inc. submits a plan in keeping with the Court of Appeals' opinion in *Albro*.

As stated in the *Albro* decision, the judgments of the Marion Superior Court and the Hamilton Circuit Court are reversed, and those causes are remanded for further proceedings consistent with the Court of Appeals' decision.

**782**

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

KRAHULIK, J., dissents.