Jerry D. THOMAS, Appellant–
Respondent,

v.

Martha C. THOMAS, Appellee–Petitioner.

No. 31A05–9605–CV–200.

Court of Appeals of Indiana.

Dec. 11, 1996.

Rehearing Denied Feb. 6, 1997.

Maryland L. Austin, Corydon, for Appellant–Respondent.

Dennis R. Tackett, Tackett, Taurman & Sonne, New Albany, for Appellee–Petitioner.

## OPINION

SHARPNACK, Chief Judge.

Jerry D. Thomas appeals the modification of an agreed dissolution decree in favor of his former wife, Martha Thomas. Jerry raises three issues for our review which we consoli-

date into the following issue: whether the trial court abused its discretion by granting Martha's motion for relief from judgment. We affirm.

The facts most favorable to the judgment follow. In 1993, Martha filed a petition to dissolve her marriage to Jerry. Martha consulted an attorney, who drafted an agreed decree of dissolution. On June 8, 1993, the trial court approved and entered the agreed decree. Both parties signed the agreement, which provided in pertinent part that:

"C. Petitioner shall have as her sole and separate property the marital residence.... *Petitioner shall pay the sum of $15,500.00* without interest for Respondent's interest in the marital home and real estate. Said $15,500.00 due to Respondent shall be paid on the earlier of Petitioner's remarriage, the sale of the marital residence, when Petitioner is continuously cohabitating with an unrelated male person in the marital residence, or ten years from the date of the finalization of the divorce, whichever comes first.

D. Respondent shall pay to Petitioner the sum of $550 per month for a period of sixty (60) months.... Respondent's obligation to pay monthly payments in the amount of $550.00 per month are [sic] conditioned upon Respondent's total gross income equalling [sic] or exceeding Fifty Thousand Dollars....

\* \* \* \* \* \*

G. The Petitioner *shall have a lien upon the $23,500 owed by Petitioner* to Respondent to secure the monthly payments owed by Respondent to the Petitioner in the amount of $550.00 per month as set forth herein. Further, Respondent shall have a lien upon the marital residence to *secure the payment of $23,500 owed by Petitioner to Respondent.*"

Record, pp. 4–6 (emphasis added).

On May 25, 1995, Martha filed a petition for declaratory judgment and a motion for relief from judgment. Martha alleged that she and Jerry disagreed about the meaning of certain provisions in the agreed decree relating to the amount of money that she owed him. Martha asked the trial court to issue an order determining the rights of the parties under the decree. The trial court held a hearing on August 7, 1995. On November 14, 1995, the trial court issued the following order:

"[T]he Court being sufficiently advised finds that the agreed Decree of Dissolution of Marriage filed January 8, 1993 leaves doubt as to the amount of money that Martha C. Thomas, the Petitioner, owes Jerry D. Thomas, the Respondent.

The Court now finds that the most logical reading of the amended decree would be that the wife owe Jerry D. Thomas $15,500.00 only and that the single mention in paragraph 5 G of [$]23,500.00 owed by Martha to Jerry was merely a restatement of the prior agreement that she pay him $15,500.00 and was misstated as [$]23,-500.00.

The Court further finds that to find that Martha would owe both sums would be illogical in that the only mention of the [$]23,500.00 debt is in paragraph 5 G where it would be more logically be expected that the sum mentioned there is to secure her payment of $15,500.00.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Court that Martha C. Thomas owes $15,-500.00 only as a result of the interpretation of the January 8, 1993 Decree."

Record, pp. 23–24. Jerry now appeals.

*Discussion*

The sole issue is whether the trial court abused its discretion in granting Martha's motion for relief from judgment under the agreed decree. Pursuant to statute, a married couple may agree in writing to the terms for spousal maintenance, child support and custody and property distribution upon the dissolution of their marriage. Ind.Code § 31–1–11.5–10(a). If the agreement is approved by the trial court, it is incorporated and merged into the dissolution decree. I.C. § 31–1–11.5–10(b). However, "[t]he disposition of property settled by such an agreement and incorporated and merged into the decree *shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties*

*may subsequently consent.*" I.C. § 31–1–11.5–10(c) (emphasis added).

Notwithstanding the statutory limitation on the right to modify a decree, the equitable relief provisions of Ind. Trial Rule 60 provide a limited opportunity to modify a property distribution decree in certain circumstances. *See Dusenberry v. Dusenberry,* 625 N.E.2d 458, 460–461 (Ind.Ct.App.1993). Under T.R. 60(A) a party is entitled to receive relief from judgment when the judgment contains clerical mistakes. The rule provides in part that, "Clerical mistakes in judgments, orders or other parts of the record therein arising from oversight or omission may be corrected by the trial court at any time ... on the motion of any party...." T.R. 60(A). This rule allows the trial court to correct clerical mistakes and oversights or omissions which "plague a judgment." *Sarna v. Norcen Bank,* 530 N.E.2d 113, 115 (Ind.Ct.App.1988), *reh'g denied, trans. denied.* "The reason for the rule is that in the case of clearly demonstrable mechanical errors the interests of fairness outweigh the interests of finality which attend the prior adjudication. On the other hand, where the 'mistake' is one of substance the finality principle controls." *Drost v. Professional Bldg. Serv. Corp.,* 176 Ind.App. 172, 175, 375 N.E.2d 241, 244 (1978).

The decision of whether to grant a motion for relief from judgment is a matter within the trial court's discretion. *First Bank of Madison v. Bank of Versailles,* 451 N.E.2d 79, 81 (Ind.Ct.App.1983). The trial court abuses its discretion when the judgment is clearly against the logic and effect of the facts and circumstances, as well as the reasonable inferences to be drawn therefrom. *Id.* We must affirm if there is any legal ground in the record supporting the judgment, even if the trial court provides erroneous reasons for its ruling. *Id.*

At the hearing, Martha argued that the decree contained a clerical mistake which needed to be corrected.[1] Martha testified that she and Jerry completed another draft prior to filing the agreed decree with the court during the dissolution proceedings. Based on the first draft, Martha owed Jerry $23,500 for his share of the equity in the home. This figure was obtained by starting with an estimated fair market value of the marital home of $120,000, a $60,000 mortgage, and a remaining equity value of $60,000. The $60,000 equity would then be divided equally, resulting in $30,000 for each party. Finally, Jerry's $30,000 share would be reduced by $6,500, the amount equal to one-half of the value of his IRAs and bonds which the parties agreed that Jerry would keep. After completing the initial draft, the parties learned that the house was appraised at $104,000. Applying the same formula as above, Martha was required to pay Jerry $15,500 for his share of the marital home.[2] Martha claimed the second draft, which was incorporated into the final decree, mistakenly included the original $23,500 figure instead of the revised $15,500 figure.

---

1. In her appellate brief, Martha argues that the error falls under both T.R. 60(A) and T.R. 60(B). Pursuant to T.R. 60(B), a party is allowed to obtain relief from judgment for the following reasons:

   "(1) mistake, surprise, or excusable neglect;
   (2) any ground for a motion to correct error, ...;
   (3) fraud ...;
   (4) entry of default ...;
   \*    \*    \*    \*    \*    \*
   (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)."

   T.R. 60(B)(1)-(4), (8). A motion filed pursuant to T.R. 60(B)(1)-(4) must be filed within one year after the judgment, while a T.R. 60(B)(8) motion must be filed within a "reasonable time."

Although Martha claims that T.R. 60(B)(8) applies, that section is not appropriate in circumstances where another subsection is proper. *See Dusenberry,* 625 N.E.2d at 462. Because Martha argues that the decree contains a mistake entitling her to relief from judgment, her motion is limited to those grounds provided for by T.R. 60(B)(1). However, since a T.R. 60(B)(1) motion must be brought within one year from the judgment, Martha has no recourse under T.R. 60(B) and, accordingly, we restrict our discussion to whether the trial court properly granted the motion pursuant to T.R. 60(A).

2. This figure was obtained by taking $104,000 minus the $60,000 mortgage, dividing the resulting $44,000 by two and, finally, reducing Jerry's $22,000 share by $6,500.

In support of her testimony, Martha introduced exhibits A and B, which she claimed were prepared to assist her attorney with drafting the decrees. Exhibit A calculated the amount owed to Jerry based on a $120,000 value of the martial home. Martha's attorney prepared an agreement based upon this information provided, but the agreement was not finalized. Exhibit B calculated the amount owed to Jerry if the home was valued at $104,000. The final decree was based on the information provided in exhibit B. The trial court admitted both exhibits over Jerry's objection.

Jerry argues that the trial court erroneously admitted the exhibits into evidence. He claims that "[notices written before any legal proceedings are initiated] are not admissible to prove anything with regard to the intent of the parties in the ultimate agreement reached." Appellant's brief, p. 16. In support of his argument that evidence of offers of compromise and settlement are excludable, Jerry cites *Burrington v. Howard*, 521 N.E.2d 371 (Ind.Ct.App.1988), *reh'g denied, trans. denied.*

Pursuant to the evidence rules, "[e]vidence of (1) furnishing or offering or promising to furnish or, (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim, which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount." Ind. Evidence Rule 408. Likewise, evidence of conduct or statements made in compromise negotiations is not admissible. *Id.* However, the rule does not require the exclusion of evidence when that evidence is offered for "another purpose." *Id.; see generally* 12 ROBERT L. MILLER, JR., INDIANA PRACTICE § 408.101 (2d ed.1995). Here, we find that the exhibits were not offered to show liability or invalidity of a claim, but to show the mistake in drafting the final agreed decree of dissolution. Because the exhibits were offered for the purpose of demonstrating mistake, the exhibits are not excludable under the rule. In addition, the exhibits were relevant to demonstrate the parties' mistake in drafting the agreed decree and to show that the final decree was contrary to the parties' intent. Therefore, the exhibits were admissible and Jerry's argument has no merit.[3] *See* Evid.R. 402.

A reasonable inference can be drawn from Martha's testimony and the exhibits that the parties inadvertently retained the $23,500 amount in the agreement without changing it to reflect the revised $15,500 amount. Paragraph C of the agreed decree requires Martha to pay $15,500 to Jerry. Paragraph G requires Martha to have a lien upon "the $23,500" owed by Martha to Jerry and requires Jerry to have a lien on the marital home "to secure the payment of $23,500." Record, pp. 4,6. The use of the phrase "the $23,500" in paragraph G suggests that "the" amount has been explained in a previous paragraph of the decree. However, the only debt described in the decree before the phrase, "the $23,500," is that paragraph explaining the $15,500 owed by Martha to Jerry. Therefore, the terms of the decree are ambiguous without the inference that the parties inadvertently failed to change the amounts owed by Martha in paragraph G. Such an oversight may be corrected by the trial court pursuant to T.R. 60(A). *See Sarna*, 530 N.E.2d at 115.

Because we cannot say that the judgment is clearly against the logic and effect of the facts before the trial court, as well as the reasonable inferences to be drawn therefrom, we hold that the trial court did not abuse its discretion. *See First Bank*, 451 N.E.2d at 81. Therefore, the judgment is affirmed.

AFFIRMED.

RUCKER and BARTEAU, JJ., concur.

---

**3.** We note that even assuming the exhibits were improperly admitted, the admission does not require us to reverse the trial court. The erroneous admission of evidence is not grounds for reversal when the erroneous evidence is merely cumulative of other admitted evidence. *See Hendricks v. State*, 562 N.E.2d 725, 726 (Ind.1990). Here, the exhibits were merely cumulative of Martha's testimony and, accordingly, would not require the reversal of the trial court's order.