**Kirk E. VERNON and Martha Vernon, Appellants–Plaintiffs,**

v.

**Adam J. ACTON, Appellee–Defendant.**

**No. 49A02–9702–CV–121.**

Court of Appeals of Indiana.

April 16, 1998.

Stephen Gerald Gray, Indianapolis, for Appellants–Plaintiffs.

Bryce H. Bennett, Jr., Michael P. Dugan, Riley Bennett & Egloff, Indianapolis, for Appellee–Defendant.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiffs–Appellants Martha and Kirk E. Vernon (Vernons) appeal the trial court's adverse judgment.

We affirm.

### ISSUES

The Vernons present three issues for our review, which we restate and consolidate as follows:

1. Whether the trial court erred in proceeding with a bench trial;

2. Whether the trial court erred in the admission of evidence; and

3. Whether the evidence was sufficient to sustain the judgment.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the judgment follow. The Vernons were involved in a car accident with Adam J. Acton (Acton) on May 9, 1995. The parties proceeded to a mediation with Paul Pettigrew on October 23, 1995; the mediation concluded that day. The Vernons filed a complaint for damages alleging negligence on December 5, 1995. Acton responded on February 29, 1996, and filed a counterclaim for breach of settlement agreement. The Vernons replied to the counterclaim on March 11, 1996. Acton then filed a motion to enforce settlement agreement and a motion for attorney's fees. Evidentiary hearings were conducted on August 13, 1996, and October 18, 1996. On November 26, 1996, the court entered its findings of fact and conclusions of law and judgment requiring the Vernons to accept the settlement and pay attorney's fees. The Vernons now bring this timely appeal. Additional facts will be provided as needed.

### DISCUSSION AND DECISION

#### I. Request for Jury Trial

The Vernons argue that they were denied their constitutional right to a jury trial provided by art. I, § 20 of the Indiana Constitution. "In all civil cases, the right of trial by jury shall remain inviolate." Ind.Const. art I, § 20. Ind. Trial Rule 38(B) requires that a party file a written demand for a jury trial with the court and serve it on the other parties within ten days after the first responsive pleading to the complaint, cross-claim, or other claim. T.R. 38(B). The Vernons filed a demand for jury trial in accord with this rule, one pursuant to his original complaint and one in response to Acton's counter-claim. (R. 2, 7, 33). Ind. Trial Rule 39(A)(2) requires the trial court to grant the Vernons request for a jury trial on any issue on which they are entitled to a jury trial. T.R. 39(A)(2).

To determine whether the Vernons are entitled to a jury trial on the issue before us we must decide whether the case involves an equitable or legal cause of action. *Baker v. R & R Const., Inc.*, 662 N.E.2d 661, 665 (Ind.Ct.App.1996), *reh'g denied.* "If any essential part of a cause of action is equitable, then the rest of the case is drawn into equity and the whole is tried by the court." *Levinson v. Citizens Nat. Bank of Evansville*, 644 N.E.2d 1264, 1267 (Ind.Ct.App.1994), *trans. denied; Baker*, 662 N.E.2d at 665.

The issues scheduled for the bench hearing in August, continued in October, were Acton's motion to enforce settlement agreement and motion for attorney's fees

which were filed in response to the Vernons' complaint. To determine whether an action is an equitable one we look at the complaint, the rights and interests involved, and the relief demanded. *Levinson*, 644 N.E.2d 1264. In requesting that the trial court enforce the settlement agreement, Acton is requesting the court to order specific performance. Specific performance is a matter of equity. *Id.* Therefore, the matter before the trial court was one of equity, and the Vernons were not entitled to a jury trial.

## II. Evidence

■ Our standard of review in this area is well-settled. The admissibility of evidence is within the sound discretion of the trial court, and "[t]he decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in denial of a fair trial." *Spires v. State*, 670 N.E.2d 1313, 1315 (Ind. Ct.App.1996). In determining admissibility of evidence, the reviewing court will only consider that evidence in favor of the trial court's ruling and unrefuted evidence in the defendant's favor. *Reaves v. State*, 586 N.E.2d 847, 857 (Ind.1992) (quoting *Russell v. State*, 460 N.E.2d 1252, 1254 (Ind.Ct.App. 1984)). Additionally, a claim of error for admitting or excluding evidence cannot be brought unless a substantial right of the party is affected, and a specific and timely objection and offer of proof was made to preserve the error for review. Ind.Evidence Rule 103(a); *Carter v. State*, 634 N.E.2d 830, 833 (Ind.Ct.App.1994); *Borkholder v. State*, 544 N.E.2d 571, 574 (Ind.Ct.App.1989) (holding that this rule applies to constitutional errors as well).

■ The Vernons contend that the trial court committed reversible error in the admission of certain evidence and the exclusion of other evidence. Pettigrew, the mediator, testified over the Vernons' objection that an agreement between the two parties was reached during the mediation and what the terms of that agreement were, but that it was never reduced to writing and signed by the parties. Additionally, David Young, the claims representative for Farmer's Insurance, was permitted to testify that a settle-

ment agreement was reached during the mediation and the sum of that settlement. However, neither witness was permitted to testify as to what transpired during mediation beyond that information.

Both parties point to Ind. A.D.R. 2.11, about the confidentiality of mediation, to make their respective cases. However, A.D.R. 1.4 states that: "these rules shall apply in all civil and domestic relations litigation filed in all Circuit, Superior, County, Municipal, and Probate Courts in the state." Ind. ADR 1.4; *Anderson v. Yorktown Classroom Teachers Ass'n*, 677 N.E.2d 540, 542 (Ind.Ct.App.1997). Because the complaint was not filed until December 5, 1995, after the mediation had taken place, the Indiana Rules of Alternative Dispute resolution do not apply in this case. *See Anderson*, 677 N.E.2d at 542 (holding that the ADR rules were not invoked when the parties went to arbitration and no case had been filed with an Indiana state court).

Therefore, we must base our decision on Ind.Evidence Rule 408, which states:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim, which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. Compromise negotiations encompass alternative dispute resolution.

Evid.R. 408. This rule does not require the exclusion of evidence when that evidence is offered for "another purpose." *Thomas v. Thomas*, 674 N.E.2d 23, 26 (Ind.Ct.App. 1996), *reh'g denied, trans. denied; Hahn v. Ford Motor Co.*, 434 N.E.2d 943, 956 (Ind.Ct. App.1982). The evidence admitted here is not about liability or invalidity of a claim, but to show whether or not a settlement agree-

ment was reached. This is within the rules' contemplation of "another purpose" and therefore was properly admitted under Evid.R. 408. *Thomas,* 674 N.E.2d at 26.

■ Next, we must address whether the trial court properly excluded the testimony of Young at trial. The Vernons asked Young if he remembered a discussion that took place during the mediation; Young was not permitted to answer. (R. 225). Although this question was clearly soliciting evidence of statements made during the contract negotiations, the Vernons argue that they were not offering the evidence to show liability or validity of the claim, but to show whether or not a settlement agreement was reached. If the evidence addresses whether or not a settlement agreement was reached and not the merits of the negligence action, the trial court erred in excluding this testimony. Evid.R. 408; *Thomas,* 674 N.E.2d at 26; *Hahn,* 434 N.E.2d at 956.

■ However, this is not yet dispositive. "Reversible error may not be predicated upon an erroneous evidentiary ruling unless a substantial right of a party is affected." *Marchal v. Craig,* 681 N.E.2d 1160, 1163 (Ind.Ct.App.1997); Ind.Evidence Rule 103(a). Therefore, we must determine whether or not the exclusion caused prejudice to the Vernons. *Gouge v. Indiana Commuter Transp. Dist.,* 670 N.E.2d 363, 367 (Ind.Ct. App.1996); *Donaldson v. Indianapolis Pub. Transp. Corp.,* 632 N.E.2d 1167, 1170 (Ind. Ct.App.1994).

■ When the trial court excludes evidence, the proponent must make an offer of proof to preserve the ruling for appellate review. *Paullus v. Yarnelle,* 633 N.E.2d 304, 307 (Ind.Ct.App.1994), *reh'g denied.*

An offer of proof provides the appellate court with the scope and effect of the area of inquiry and the proposed answers, in order that it may consider whether the

trial court's ruling excluding the evidence was proper. Thus, the offer of proof must demonstrate the substance, purpose, relevance, and materiality of the excluded evidence in order to enable the appellate court to determine on appeal whether the exclusion was proper.

*Id.; Donaldson,* 632 N.E.2d at 1170. Here, although Vernon discussed the merits of his objection with the trial court judge, he never made an offer of proof on this point.[1]

■ On appeal this court must determine whether the Vernons were prejudiced by the exclusion of Young's testimony. We cannot make that determination unless we have some idea what the testimony would have been; this is the purpose of an offer of proof. *Taylor v. State,* 677 N.E.2d 56, 65 (Ind.Ct.App.1997), *trans. denied.* Because there was no offer of proof to aid us in our review, the trial court's error has not been sufficiently preserved. *See Donaldson,* 632 N.E.2d at 1170 (holding partial offer of proof was insufficient to determine prejudice and reversible error); *Paullus,* 633 N.E.2d 304 (holding issue of exclusion of testimony not preserved for appeal when no offer was made to the trial court, nor was the contents of the testimony offered in the brief); *Gouge,* 670 N.E.2d at 368 (holding offer of proof was not sufficient to allow appellate review for prejudice).

■ The Vernons also contend that the parties contracted to keep any statements made during the mediation process confidential and inadmissible in court and that this contract should be honored by the court. Ind.Evidence Rule 402 states that "[a]ll relevant evidence is admissible, except as otherwise provided by the United States or Indiana constitutions, by statute not in conflict with these rules, by these rules or by other rules applicable in the courts of this

---

1. During trial the Vernons' attorney points out he was conducting a cross-examination and therefore does not need to make an offer to prove at that time. Although it is true that an offer to prove can be made only during direct examination and is not proper on cross-examination, it is still necessary at some point to preserve an error in the exclusion of evidence, and one was never offered in this case. *Wallace v. State,* 553 N.E.2d

456, 462 (Ind.1990). *See Strickland v. State,* 265 Ind. 664, 359 N.E.2d 244, 248 (Ind.1977) (holding that offer of proof is never required to preserve error on cross-examination); *Haeger v. State,* 181 Ind.App. 5, 390 N.E.2d 239, 240 (Ind. Ct.App.1979) (holding that even though offer of proof may not be required, an actual infringement on cross-examination must be demonstrated).

State." Evid R. 402. Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Ind.Evidence Rule 401. Whether or not Young and Pettigrew believed an agreement was reached through the mediation will aid in the determination of whether a settlement agreement was reached. The admitted testimony of Young and Pettigrew is relevant in this case. Furthermore, the evidence does not fall under one of the exceptions to the rule that all relevant evidence is admissible. Ind. Evidence Rule 403, 402.

As discussed above, the admission of evidence in connection with settlement negotiations is controlled by Evid.R. 408; when applicable, admission of evidence in connection to some form of alternative dispute resolution is controlled by the Indiana Rules of Alternative Dispute Resolution. Evid.R. 408; A.D.R. 1.4, 2.11, 3.4, 4.4, 5.6, 6.4, 7.3. In *Marchal*, the parties attempted to control the admission of evidence at trial pursuant to a mediation by stipulating that the mediator could testify at trial as to the contents of the mediation. 681 N.E.2d 1160. We held that:

> [n]either parties, nor their attorneys, may enter into a stipulation which purports to bind the trial court with respect to a question of law; and any such stipulation is a nullity. A trial court commits reversible error when it enforces a stipulation, entered into by parties through their attorneys, which runs contrary to statutory provisions.

*Id.*, at 1162. Although we recognize the parties' freedom to contract, here, the Indiana Rules of Evidence control evidence admitted during trial, not the agreement to mediate.

### III. Sufficiency of the Evidence

▮ Due to the fact that the trial court entered findings of fact and conclusions of law along with its judgment, the applicable standard of review is found in Ind.Trial Rule 52(A). "On appeal of claims tried by the court without a jury ... the court on appeal shall not set aside the findings or judgment unless clearly erroneous ..." T.R. 52(A).

In reviewing such a judgment, we must first determine whether the evidence supports the findings, and then whether the findings support the judgment. *Hvidston v. Eastridge*, 591 N.E.2d 566, 568 (Ind.Ct.App.1992); *Gunderson v. Rondinelli*, 677 N.E.2d 601, 603 (Ind.Ct.App.1997). "To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility." *Hvidston*, 591 N.E.2d at 568; *see Gunderson*, 677 N.E.2d at 603.

▮ The Vernons challenge the trial court's finding that "[t]he essential terms of the Settlement Agreement and the respective obligations of each party are clear and unambiguous from the testimony before the Court." (R. 186). Whether a settlement agreement has been reached is a factual matter to be determined by the fact-finder. *Klebes v. Forest Lake Corp.*, 607 N.E.2d 978, 982 (Ind.Ct.App.1993), *reh'g denied.* There is testimony in the record from more than one witness about the terms of the settlement agreement entered into by the parties pursuant to mediation. From this testimony, the trial court judge could reasonably find that the terms of the settlement agreement are clear and unambiguous. The Vernons ask us to accept their version of the facts; however, as stated above, we will not reweigh the evidence or assess the credibility of the witnesses. *Hvidston*, 591 N.E.2d at 568.

▮ The Vernons also challenge the sufficiency of the evidence of the court's conclusion that "[p]laintiffs have brought a frivolous, unreasonable and groundless action in light of the fact that settlement was reached prior to this lawsuit being filed." (R. 187). This determination was necessary for the court to award attorney fees to Acton pursuant to Ind.Code 34–1–32–1. For the purpose of this statute, a claim or defense is frivolous, unreasonable or groundless if:

> it is taken primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the lawyer is unable to support the action taken by a good faith and rational argument for an

extension, modification, or reversal of existing law.

*Garage Doors of Indianapolis, Inc. v. Morton,* 682 N.E.2d 1296, 1303 (Ind.Ct.App.1997) (quoting *Elbert v. Elbert,* 579 N.E.2d 102, 114 (Ind.Ct.App.1991)). Whether the Vernons' conduct violated Ind.Code 34–1–32–1 is a legal conclusion which we review de novo based on the findings of fact entered by the trial court. *Klebes,* 607 N.E.2d at 983. In its findings of fact the trial court determined that pursuant to mediation the parties agreed to a full and final settlement of the Vernons' claim against Acton and that the terms of such agreement were clear and unambiguous. (R. 186). Since the claim had already been settled, the Vernons' complaint alleging the negligence of Acton in relation to the May 9, 1995, automobile accident was frivolous, unreasonable, and groundless. *See Garage Doors of Indianapolis, Inc.,* 682 N.E.2d at 1303 (holding second complaint was frivolous, unreasonable or groundless when first identical complaint had already been dismissed by the court); *Klebes,* 607 N.E.2d at 983 (holding complaint was frivolous, reasonable or groundless when settlement had already been reached), Therefore, we will not disturb the conclusion of the trial court.

### CONCLUSION

The trial court did not err in proceeding with a bench trial due to the equitable nature of the request for specific performance. Furthermore, the trial court did not err in admitting evidence about whether an agreement was reached through mediation, and any error in excluding evidence was not preserved for our review. The evidence was sufficient to sustain the trial court's findings of fact and conclusions of law.

Affirmed.

NAJAM and BAKER, JJ., concur.